IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TAVARIUS JONES,

    Plaintiff,

vs.                                                                       No. 14-2321-JDT-tmp

GRANT YOUNG, et al.,

    Defendants.

ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE SERVICE OF PROCESS

On May 2, 2014, Plaintiff Tavarius Jones, booking number 13133088, who is incarcerated at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On May 5, 2014, the Court entered an order granting leave to proceed *in forma pauperis* and assessing the filing fee. (ECF No. 5.) On May 27, July 9, and July 10, 2014, Plaintiff filed motions for leave to amend his complaint. (ECF Nos. 6, 9 & 10.) The Court entered an order on February 10, 2015, that granted the motions to amend the complaint. (ECF No. 13.) Plaintiff filed an amended complaint on March 13, 2015. (ECF No. 14.) The Clerk shall record the defendants as Bartlett Police Officer Grant Young, Bartlett Detective Kevin Martin, Bartlett Police Chief Gary Rikard, and the City of Bartlett.[1]

Plaintiff alleges that on August 30, 2013, he and two friends were shoplifting at the

---

[1] Plaintiff named the Bartlett Police Department as a defendant. Governmental departments, divisions, and buildings are not suable entities. Therefore, the Court construes those claims against the City of Bartlett. *See generally Hafer v. Melo*, 502 U.S. 21 (1991).

Bartlett WalMart. (ECF No. 14 at PageID 46.) Plaintiff alleges that Defendant Young attempted to stop them in the parking lot. (*Id.*) Plaintiff alleges that he and his friends ran to his car, but by the time Plaintiff cranked the car, Defendant Young was at the front passenger's door, attempting to open it. (*Id.* at PageID 46-47.) Plaintiff alleges that Defendant Young was yelling racial slurs at them. (*Id.* at PageID 47.) Plaintiff alleges that Young released the passenger door and ran to the back of the vehicle like he was going to get the plate number and Plaintiff put the vehicle in drive to attempt to flee. (*Id.*) Plaintiff contends that Young then ran in front of his vehicle and Plaintiff put the vehicle in reverse. (*Id.*) Plaintiff alleges that sometimes Young's knee was on the bumper and sometimes Young was inches from the bumper. (*Id.*) Plaintiff contends that, when he realized that he had backed up as far as he could go, he put the vehicle in park and put his hands in the air. (*Id.*) Plaintiff alleges that Defendant Young then fired six shots into the vehicle and three hit Plaintiff causing serious injuries to his right arm. (*Id.*)

Plaintiff alleges that, after he was arrested, Defendant Martin investigated and, rather than finding that Young used excessive force, fabricated a report stating that Plaintiff had attempted to run over Young. (*Id.* at PageID 48.) Plaintiff alleges that Defendant Rikard was aware of Young's and Martin's misconduct, but failed to investigate thoroughly and disregarded the truth. (*Id.*) Plaintiff contends that the City of Bartlett violated his rights by enacting a policy that "[i]f a car is coming at one of our officers and he/she is in fear of being hit, he/she can use deadly force." (*Id.* at PageID 51.)

Plaintiff seeks discipline for the individual defendants, dismissal of his criminal charges, and compensatory and punitive damages from all defendants. (*Id.* at PageID 53-54.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any

portion thereof, if the complaint—

>   (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>   (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted,

> [t]he court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief. . . . Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. . . . Plaintiffs' obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show <u>entitlement</u> to relief. . . . To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory.

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citations omitted; emphasis in original); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 762-63 (6th Cir. 2005) (complaint insufficient to give notice of statutory claim); *Savage v. Hatcher*, 109 F. App'x 759, 761 (6th Cir. 2004); *Coker v. Summit County Sheriff's Dep't*, 90 F. App'x 782, 787 (6th Cir. 2003) (affirming dismissal of *pro se* complaint where plaintiff "made 'bare bones,' conclusory assertions that do not suffice to state a cognizable constitutional claim"); *Foundation for Interior Design Educ. Research v. Savannah College of Art & Design*, 244 F.3d 521, 530 (6th Cir. 2001) (the complaint must "'allege a factual predicate concrete enough to warrant further proceedings'") (citation omitted); *Mitchell v. Community Care Fellowship*, 8 F. App'x 512, 513

(6th Cir. 2001); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").

To state a claim under 42 U.S.C. § 1983,[2] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Plaintiff has no claim against Defendant Young for Young's use of racial slurs. Allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (holding verbal abuse does not qualify as punishment under the Eighth Amendment). Just as the Constitution "does not mandate comfortable prisons," *Wilson v. Seiter*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349), it does not mandate polite prison guards.

The law is clear that verbal harassment and threats do not violate the Eighth Amendment. *Pasley v. Conerly*, 345 F. App'x 981, 984 ( 6th Cir. 2009); *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (no Eighth Amendment claim for prison guard's "use of racial slurs

---

[2]Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

and other derogatory language"); *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (a guard's verbal threat to sexually assault an inmate "was not punishment that violated [the prisoner's] constitutional rights"); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) ("harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Johnson v. Moore*, 7 F. App'x 382, 384 (6th Cir. 2001) ("Allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.") (citation omitted); *Owens v. Johnson*, No. 99-2094, 2000 WL 876766, at *2 (6th Cir. June 23, 2000) ("The occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. The petty exchanges of insults between a prisoner and guard do not amount to constitutional torts.") (citation omitted); *Miles v. Tchrozynski*, No. 2:09-CV-11192, 2009 WL 960510, at *1 (E.D. Mich. Apr. 7, 2009) ("Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights.") (citation omitted). Such claims must be dismissed.

Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a

> minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). The complaint does not allege that Defendant Rikard, through their own actions, violated Plaintiff's rights. It is clear Plaintiff sues Rikard because of his supervisory positions at the Bartlett Police Department.

Plaintiff also has no claim against Defendants Rikard and Martin for failing to investigate thoroughly Plaintiff's grievance or complaint. Although failure to investigate may give rise to § 1983 supervisory liability, *see Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990) and *Marchese v. Lucas*, 758 F.2d 181, 188 (6th Cir. 1985), the reasoning in *Walker* and the analysis in its progeny teach that evidence of the "failure to investigate" can establish municipal liability only. In *Dyer v. Casey*, 1995 WL 712765, at **2 (6th Cir. 1995), the Court stated that "the theory underlying [*Marchese* and *Luca*s ( citations omitted)] is that the municipality's failure to investigate or discipline amounts to a 'ratification' of the officer's conduct."

In *Walker*, the Sixth Circuit distinguished *Marchese* because the Court "imposed the broad investigative responsibilities outlined in *Marchese* upon the Sheriff in his official capacity." *Walker*, 917 F.2d at 1457 ("The Sheriff is sued here in his official capacity and in that capacity, he had a duty to both know and act."). In 1998, the Sixth Circuit affirmed the dismissal

of a claim of supervisory liability based on the "failure to investigate" stating:

> Young's claim against defendants McAninch and Goff is based solely on their alleged failure to investigate defendant Ward's behavior towards Young. Although Young stated that defendants McAninch and Goff had knowledge of his allegations against defendant Ward, this is insufficient to meet the standard that they either condoned, encouraged or knowingly acquiesced in the misconduct.

*Young v. Ward*, 1998 WL 384564 *1 (6th Cir. 1998).

To the extent that Plaintiff alleges that Defendant Martin conspired to have him prosecuted by falsifying facts in the investigative report, the complaint also does not state a valid malicious prosecution claim against Defendant Martin. The requirements for a malicious prosecution claim under 1983 are as follows:

> The Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment," which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006) (internal quotation marks omitted). The "tort of malicious prosecution" is "entirely distinct" from that of false arrest, as the malicious-prosecution tort "remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 390, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) (internal quotation marks omitted). . . .
>
> To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove the following: First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant "ma[d]e, influence[d], or participate[d] in the decision to prosecute." *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007); *see also McKinley v. City of Mansfield*, 404 F. 3d 418, 444 (6th Cir. 2005); *Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002). Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution, *Fox*, 489 F.3d at 237; *Voyticky*, 412 F.3d at 675. Third, the plaintiff must show that, "as a consequence of a legal proceeding," the plaintiff suffered a "deprivation of liberty," as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. *Johnson v. Knorr*, 477 F.3d 75, 81 (3d Cir. 2007); *see Gregory v. City of Louisville*, 444 F.3d 725, 748-50 (6th Cir. 2006) (discussing the scope of "Fourth Amendment protections . . . beyond an initial seizure," including

> "continued detention without probable cause"); cf. *Heck v. Humphrey*, 512 U.S. 477, 484, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994 ) ("[U]nlike the related cause of action for false arrest or imprisonment, [an action for malicious prosecution] permits damages for confinement imposed pursuant to legal process."). Fourth, the criminal proceeding must have been resolved in the plaintiff's favor. *Heck*, 512 U.S. at 484, 114 S. Ct. 2364 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

*Sykes v. Anderson*, 625 F. 3d 294, 308-09 (6th Cir. 2010) (additional citations and footnote omitted).

Plaintiff was indicted for aggravated assault in Shelby County Criminal Court case no. 14-00385. According to the Shelby County Criminal Court Information website, the case has been set for trial in June.

The fact that the Plaintiff was ultimately indicted by the grand jury shows the existence of probable cause for the charges. "[T]he finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *Higgason v. Stephens*, 288 F. 3d 868, 877 (6th Cir. 2002) (quoting *Ex parte United States*, 287 U.S. 241, 250, 53 S. Ct. 129, 77 L. Ed. 283 (1932)). In light of the grand jury indictment, any malicious prosecution claim fails because the Plaintiff cannot show the absence of probable cause.

Plaintiff sues the City of Bartlett. A local government "cannot be held liable under 1983 on a respondeat superior theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v.*

*Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Co. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g., Fowler v. Campbell*, Civil Action No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); *Yeackering v. Ankrom*, No. 4:05-CV-00018-M, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); *Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); *cf. Raub v. Correctional Med. Servs., Inc.*, No. 06- 13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15,

2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); *Cleary v. County of Macomb*, No. 06- 15505, 2007 WL 2669102, at *20 (E.D. Mich. Sept. 6, 2007) (same); *Morningstar v. City of Detroit*, No. 06-11073, 2007 WL 2669156, at *8 (E.D. Mich. Sept. 6, 2007) (same); *Chidester v. City of Memphis*, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005). Although Plaintiff purports to identify an official policy or custom which caused injury to Plaintiff, it is clear that, as written, the policy does not violate any constitutional rights. Instead, it appears that Plaintiff is suing the City of Bartlett because it employs Defendants who he alleges misused the policy to violate his rights.

The Court therefore DISMISSES the claims against Detective Kevin Martin, Bartlett Police Chief Gary Rikard, and the City of Bartlett for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk is directed to terminate those parties as defendants.

It is ORDERED that the Clerk shall issue process for Defendant Grant Young on the claim of use of excessive force and deliver said process to the marshal for service. Service shall be made on the individual defendant either by mail pursuant to Rule 4(e)(1) and Tenn. R. Civ. P. 4.03 and 4.04(10) or personally pursuant to Rule 4(e)(2) if mail service is not effective. All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on any defendant if he has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

                                            **s/James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE